Jack Silver, Esq. SBN# 160575
Law Office of Jack Silver
Kimberly Burr, Esq. SBN# 193805
Post Office Box 5469
Santa Rosa, CA 95402-5469
Telephone 707-528-8175
Facsimile  707-528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation,<br><br>Plaintiff,<br>v.<br><br>BO DEAN CO., INC.; ET AL,<br><br>Defendants<br>_____/ | Case No. C05-02879 WDB<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER THEREON [FRCP 41(a)(1)(ii)]** |

WHEREAS the parties reached an agreement at Mediation on July 13, 2006 to settle all of their disputes with respect to this action, the terms of settlement being incorporated into a Settlement Agreement and General Release of All Claims executed by the parties and attached to this Stipulation as Exhibit A.

IT IS HEREBY STIPULATED by and between plaintiff NORTHERN CALIFORNIA RIVER WATCH and defendants BO DEAN CO. INC., BO DEAN CO. INC. DBA BLUE ROCK QUARRY, SANTA ROSA HOT PLANT and ASPHALT AND ASPHALT PRODUCTS, by and through their attorneys of record, that this matter be dismissed with prejudice, each party hereto waiving its right to recover costs and attorney's fees except as provided under said Settlement Agreement and General Release of All Claims attached as Exhibit A.

Case No. C 05-02879 WDB
Stipulation For Dismissal With Prejudice;
[Proposed] Order Thereon [FRCP 41(a)(1)(ii)]

1

This Stipulation may be executed in several counterparts, all of said counterparts shall constitute one original.

DATED: August 3, 2006

KIMBERLY BURR
Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

DATED: August 2, 2006

PAUL J. FITZPATRICK
Attorney for Defendants
BO DEAN CO. INC., BO DEAN CO. INC. dba BLUE ROCK QUARRY, SANTA ROSA HOT PLANT and ASPHALT AND ASPHALT PRODUCTS

## ORDER

Good cause appearing, and the parties having stipulated and agreed,

**IT IS SO ORDERED** that this matter is hereby dismissed with prejudice.

DATED: 8-4-06          /s/ Wayne D. Brazil

Magistrate WAYNE D. BRAZIL, JUDGE
UNITED STATES DISTRICT COURT

Case No. C 05-02879 WDB
Stipulation For Dismissal With Prejudice;
[Proposed] Order Thereon [FRCP 41(a)(1)(ii)]

2

# ATTACHMENT ONE

# SETTLEMENT AGREEMENT
# AND
# GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is made and entered into between NORTHERN CALIFORNIA RIVER WATCH, a California non-profit corporation, on behalf of itself ("RIVER WATCH") and BODEAN CO., INC., a California corporation ("BODEAN"). To the extent allowable under law, State Bar of California and American Bar Association rules, this Agreement shall be binding on RIVER WATCH and BODEAN (collectively "PARTIES" or singularly "PARTY") and on the PARTIES' directors, successors, attorneys and agents.

## RECITALS

This Settlement Agreement and General Release constitutes an agreement to resolve all disputes between the PARTIES regarding BODEAN's ownership and operation of three (3) gravel plants at which gravel, sand, rock, and construction materials are processed and sold in Sonoma County, California. The locations of the three facilities (collectively, "the Subject Properties") owned and operated by BODEAN are as follows:

Blue Rock Quarry
7860 or 7888 Highway 116
Forestville, California

Santa Rosa Hot Plant
1060 Maxwell Drive
Santa Rosa, California

Mark West Quarry
4611 Porter Creek Road
Santa Rosa, California

The Blue Rock Quarry and Santa Rosa Hot Plant facilities are identified in RIVER WATCH's 60-Day Notices to BODEAN dated March 25, 2005 and February 10, 2006. On July 14, 2005 RIVER WATCH filed a Complaint against BODEAN with the U.S. District Court incorporating the March 25, 2005 Notice by reference into the Complaint.

The nature of the dispute and the PARTIES' respective positions are set forth in the pleadings and other filings in an action entitled <u>Northern California River Watch v. BODEAN, Inc., et al.</u>, United States District Court, Northern District of California Case No. C05 02879 WDB ("the Action"). In the Action, RIVER WATCH, among other things, alleges that BODEAN has,

- failed to obtain a Clean Water Act § 402 National Pollutant Discharge Elimination System ("NPDES") Permit for point discharges;
- failed to comply with the terms and conditions of California's General Industrial Storm Water Permit for Industrial Storm Water Discharges (WDID 228S003380);

1

- discharged unpermitted contaminated storm water from its facilities;
- discharged non-storm water pollutants from its facilities in violation of effluent limitations; and,
- violated the procedural requirements of NPDES General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 97-03-DWQ and Water Quality Order No. 91-13-DWQ (as amended by Water Quality Order 92-12-DWQ) issued pursuant to Clean Water Act § 402(p), 33 U.S.C. § 1342(p) ("General Permit").

BODEAN denies each and every of these allegations in total and in part.

Following receipt of RIVER WATCH's March 25, 2005 Notice letter, BODEAN has undertaken numerous changes to the Blue Rock Quarry and Santa Rosa Hot plant facilities. Due to these changes, it is River Watch's opinion the Blue Rock Quarry is currently in compliance with the Federal Clean Water Act and the state Porter- Cologne act.

In a July 13, 2006 mediation the PARTIES reached an agreement to settle all of their disputes and the Action, the terms of which are set forth below.

## AGREEMENT

1. The above Recitals are incorporated into this Agreement.

2. The effective date of this Agreement shall be the date of the last party to sign the Agreement.

3. For and in consideration of the respective commitments made by each of the PARTIES to this Agreement, the PARTIES agree as follows:

   a. Other than as set forth herein, RIVER WATCH, in consideration for BODEAN's actions set forth below, does hereby irrevocably and unconditionally release, acquit, and discharge BODEAN from any and all claims, charges, complaints, rights, demands, actions, causes of action, obligations, liabilities, promises, agreements, controversies, damages, suits, costs, losses, debts, and expenses of any and every kind, nature and character whatsoever, asserted or raised in the Action against BODEAN's operations at the Subject Properties.

   b. Following the execution of this Agreement by all PARTIES, and within five (5) days of receiving payment as specified below, RIVER WATCH shall stipulate to the Court's entry of an Order dismissing the Action with prejudice. This Agreement shall be incorporated into said Order which will constitute final and complete resolution of all the issues, causes of action, contentions and allegations asserted in the Action. It is the intent of the PARTIES that the Order for dismissal with prejudice and this Agreement incorporated therein shall have full and complete res judicata and collateral estoppel effect as to all the matters alleged and asserted in the Action and in this Agreement.

   c. RIVER WATCH agrees to not file any other lawsuits, actions, claims or complaints against BODEAN based upon any environmental cause of action similar to the claims raised in this Action for a period of seven and one-half (7½) years.

2

No. Calif. River Watch / Bo Dean, Inc.
Settlement Agreement and General Release of All Claims

d.   If the final Environmental Impact Report (EIR) for Blue Rock Quarry is approved by the Board of Supervisors, RIVER WATCH and its attorneys Jack Silver and Kimberly Burr will not file any court action, nor participate in any court action regarding that EIR. This term does not prohibit responding to subpoenas or court orders in any action brought by parties wholly independent of RIVER WATCH.

e.   Within five (5) days from the effective date of this Agreement RIVER WATCH shall write Mr. Sotak at Sonoma County Permit Resources Management Department stating that all of RIVER WATCH's objections to the EIR are withdrawn including any made by its attorney Ms. Burr.  This letter shall also state RIVER WATCH has no idea what 7/11/06 report from the applicant Ms. Burr was referring to in her email to Liam Davis.

f.   RIVER WATCH will direct its attorney Ms. Burr to write to the California Department of Fish and Game stating that any emails sent by her regarding BODEAN were in not made in representation of RIVER WATCH.

g.   RIVER WATCH agrees to not initiate, bring, file, or support any other lawsuits, actions, claims, complaints, protests, grievances, or oppositions (including non-judicial actions such as administrative claims or protests) based on any cause of action relating to the issues in this Action. This term does not prohibit responding to subpoenas or court orders in any action brought by parties wholly independent of RIVER WATCH.

h.   RIVER WATCH and its attorney Ms. Burr will agree to fully comply with all the terms of the Settlement Agreement.

i    Within fifteen (15) days of the effective date of this Agreement BODEAN agrees to pay RIVER WATCH the sum of Forty Thousand Dollars ($40,000.00) for RIVER WATCH's attorneys' fees and costs.  The check will be made out to "Northern California River Watch" and mailed to Law Office of Jack Silver, P.O. Box 5469, Santa Rosa, CA 95402.

j.   Within the twelve (12) months immediately following the effective date of this Agreement BODEAN shall grant RIVER WATCH a one-time access to each one of the Subject Properties for the purposes of inspection and any type of sampling which can be related to the allegations asserted in the Action. The inspection and sampling visits to the Subject Properties need not occur on the same day. RIVER WATCH shall give BODEAN twenty-four (24) hours notice prior to inspection and sampling.  The PARTIES recognize that the inspection and sampling visit is weather dependent; therefore, RIVER WATCH has the right to cancel any particular inspection and sampling visit and re-schedule for a later date based upon its best judgments.

k.   Within ninety (90) days from the effective date of this Agreement BODEAN shall prepare new Storm Water Pollution and Prevention Plans ("SWPPPs") for the Blue Rock Quarry and Santa Rosa Hot Plant facilities updating said SWPPPs to include any changes which have occurred since that last SWPPP version.  The Santa Rosa Hot Plant SWPPPs shall include protocols for determining and testing the efficacy of that facility's stormwater filters.

3

l.   Within a reasonable period not to exceed one (1) year from the effective date of this Agreement, BODEAN shall prepare an engineering report addressing pond sizing at the Blue Rock Quarry facility with regard to requirements imposed by the General Permit.

m.   Within thirty (30) days of preparation of each - the updated SWPPPs, the engineering report and its next two General Permit Annual Reports - for the Subject Properties, BODEAN shall provide copies of the same to RIVER WATCH.

n.   Other than as set forth herein each party to this Agreement shall bear its own costs and expenses, including attorneys' fees.

4.   To effect a full and complete release as described in paragraph 3.a above, RIVER WATCH expressly waives and relinquishes all rights and benefits afforded it by California Civil Code Section 1542; and in doing so understands and acknowledges the significance and consequence of such specific waiver of Section 1542 which states as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Thus, notwithstanding the provisions of Civil Code Section 1542, and for the purpose of implementing a full and complete release and discharge of BODEAN, RIVER WATCH expressly acknowledges that this Agreement is intended to include in its effect without limitation, all claims not known or suspected to exist in favor of RIVER WATCH at the time of execution of this Agreement raised by the Action. RIVER WATCH further acknowledges that this Agreement contemplates the extinguishment of any such claim or claims asserted in the Action. The PARTIES know of no actions at law or in equity, which concern allegations based on the Action. RIVER WATCH acknowledges that it may hereafter discover facts different from or in addition to those it now knows or believes to be true regarding the matters released or described in this Agreement, and RIVER WATCH agrees that the releases and agreements contained in this Agreement shall be and will remain effective in all respects notwithstanding any later discovery of any such different or additional facts.

5.   The PARTIES represent and agree that they have carefully read this Agreement and that they have had the opportunity to consult with their attorneys regarding all aspects of this Agreement. The PARTIES further represent and agree that they understand all of the provisions of this Agreement and have entered into this Agreement voluntarily and of their own free will.

6.   This Agreement is made and entered into in the State of California, and shall in all respects be interpreted, enforced, and governed under the laws of this State.

7.   This Agreement sets forth the entire agreement between the PARTIES hereto and fully supersedes any and all prior agreements or understandings between them. No promises, inducements, or representations regarding the subject matter of this Agreement have been made by any party other than those set forth in or incorporated by reference in this Agreement. Any modification or amendment to this Agreement must be in writing, must be signed and dated by the PARTIES, and must explicitly state that it is intended to be an amendment to or modification of this Agreement.

4

No. Calif. River Watch / Bo Dean, Inc.
Settlement Agreement and General Release of All Claims

8.  Counsel for the respective PARTIES have reviewed and participated in the drafting of this Agreement. Consequently, the normal rule of construction that ambiguities shall be resolved against the drafter shall not be used or applied in the interpretation of this Agreement.

9.  This Agreement shall be binding upon the PARTIES and upon each party's heirs, administrators, representatives, attorneys, executors, successors, and assigns.

10. This Agreement may be executed in any number of counterparts, or in different counterparts, any of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

11. Should any provision of this Agreement be declared or determined by any court or legal authority to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12. In the event any PARTY contends the other has breached this Agreement, that PARTY shall inform the other in writing, detailing the basis of its contention and specifying the action it asserts should be taken. If the PARTY performs the actions demanded which fully resolves the matter within thirty (30) days, no further action shall be taken. Should the PARTY not agree to perform the actions demanded, within thirty (30) days, the PARTIES shall meet and confer to discuss the contentions within thirty (30) days of notice or confirmation of non-agreement. Any matters remaining unresolved after the meet and confer shall be resolved pursuant to arbitration, including but not limited to the interpretation or enforcement of this Agreement. The PARTIES agree to arbitrate any matter before Gerald F. George; or, in the event he is unable to serve as arbitrator due to a conflict or is otherwise unavailable, before another arbitrator agreeable to the PARTIES (hereafter, the "Arbitrator"). Penalties or damages cannot be assessed by the Arbitrator. Each party shall bear its own attorney fees and costs and expert fees and costs incurred in the connection with arbitration of all disputes under or pertaining to this Agreement. Arbitration fees shall be paid by the non-prevailing party.

Dated: 7.27.06, 2006        BODEAN CO., INC.

By: Bill Wilh
Title: General Manager

Dated: 7\3\, 2006        NORTHERN CALIFORNIA RIVER WATCH

By: [signature]
Title: Board Member / Secretary

5

No. Calif. River Watch / Bo Dean, Inc.
Settlement Agreement and General Release of All Claims

**APPROVED AS TO FORM:**

Dated: 7/27, 2006

_____
PAUL J. FITZPATRICK
Attorney for BO DEAN CO., INC

Dated: 7/28, 2006

_____
KIMBERLY BURR
Attorney for NORTHERN CALIFORNIA
RIVER WATCH

6

No. Calif. River Watch / Bo Dean, Inc.
Settlement Agreement and General Release of All Claims